IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD LEE BENNETT,

     Plaintiff,

     v.                            CASE NO.  24-3127-JWL

STATE OF KANSAS, et al.,

     Defendants.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Donald Lee Bennett is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC").  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff claims in Count I that he is being wrongfully incarcerated due to misconduct by the Johnson County court system.  (Doc. 1, at 2.)  Plaintiff alleges that around October 12, 2023, he was accused of stealing merchandise from Nordstrom Rack.  *Id*. at 3.

As Count II, Plaintiff alleges "falsified documents."  *Id*.  Plaintiff alleges that when he appeared in court on April 11, 2024, his public defender informed him that a new charge had been filed and the deputy in the courtroom would be serving Plaintiff the papers.  *Id*. at 3–4. Plaintiff was informed that his misdemeanor charge was being "bumped up" due to prior criminal history, his bond would be revoked, and he would be taken into custody.  *Id*. at 4.

Plaintiff claims he has only been convicted once in the past five years and he was previously on probation. *Id*.

Plaintiff alleges "police misconduct" as Count III. He alleges that while at the JCADC during January and February 2024, Detective Pierce illegally confiscated his phone from Plaintiff's property without following the proper JCADC procedures. *Id*. at 5–6. He also alleges that while housed at the JCADC, Detective Pierce and another detective from Platte County, Missouri, came to question Plaintiff regarding alleged crimes. *Id*. at 5. Plaintiff alleges that he invoked his Miranda rights and while he was waiting to be escorted back to his unit, Pierce made comments about "big brother" coming for Plaintiff, referring to "the feds." *Id*. at 6. Pierce also said that because Plaintiff did not want to cooperate, Pierce would post a picture and video, asking citizens of the community to help identify alleged suspects. *Id*. Plaintiff believes this constituted defamation of character. *Id*. Plaintiff also alleges that Pierce confiscated Plaintiff's phone without consent. *Id*. Plaintiff alleges that upon his release, he asked the property clerk what happened to his phone, and she said that she "guesses" that the detective took it and that she was not there to sign off on it but a signature was left with a note. *Id*.

Plaintiff names as defendants: the State of Kansas; and Johnson County, Kansas. Plaintiff seeks $340,000 in compensatory damages. *Id*. at 7.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round

out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Younger Abstention

Plaintiff's claims relate to his pending state court criminal proceedings. *See State v. Bennett*, Case Nos. 23-CR-2043, 23-CR-2046, and 24-CR-975 (Johnson County District Court). The Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished)

(citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).   "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."   *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

It appears that the first and second conditions for *Younger* abstention would be met because Plaintiff's cases are pending and Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.   *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies.   *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights). Plaintiff should show good cause why the Court should not abstain under *Younger*.

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."   *D.L. v.*

*Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). Furthermore, any damages claim sought after a conviction would be barred by *Heck*. Before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.

In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

### 2. State of Kansas

Plaintiff names the State of Kansas as a defendant and seeks monetary damages. The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the

Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Because Plaintiff has neither made a specific claim against the State of Kansas nor shown any waiver of immunity from suit, he must show cause why this defendant should not be dismissed from this action.

### 3.  Johnson County, Kansas

Plaintiff names Johnson County, Kansas, as the other defendant. "Under Fed. R. Civ. P. 17(b), courts determine a party's capacity to be sued in federal court by examining the law of the state where the court is located." *Schwab v. Kansas*, 2017 WL 2831508, at *13 (D. Kan. 2017) (finding county is not a legal entity and "[b]ecause plaintiffs have sued the County itself instead of the board of county commissioners as Kansas law requires, their claims against this defendant fail to state a claim for relief") (citing Fed. R. Civ. P. 17(b)(3) and Kan. Stat. Ann. § 19-105).

Kansas statutory law provides that:

> In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be "The board of county commissioners of the county of _____;" but this provision shall not prevent county officers, where authorized by law, from suing in their name of office for the benefit of the county.

Kan. Stat. Ann. § 19-105.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Wright v. City of Ponca City*, 2023 WL 5765848, at *7 (10th Cir. Sept. 7, 2023) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); see also *id.* at 691 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory.")). Instead, "the

government as an entity" can only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. (quoting *Monell*, 436 U.S. at 694). To establish municipal liability a plaintiff must demonstrate the existence of a "municipal policy or custom." *Id*. (quoting *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)). Then the "plaintiff must demonstrate 'a direct causal link between the policy or custom and the injury alleged.'" *Id*. at n.9 (citing *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019) (quoting *Bryson*, 627 F.3d at 788)). Plaintiff has failed to allege a requisite custom or policy or to name a policymaker.

"[T]he Supreme Court has held that in 'limited circumstances,' a failure to train can be the basis for liability under § 1983." *Horocofsky v. City of Lawrence*, 2022 WL 1421554, at *29 (D. Kan. May 5, 2022) (citing *City of Canton v. Harris*, 489 U.S. 378, 387 (1989)). Only when a municipality's failure to train employees evidences a " 'deliberate indifference' to the rights of inhabitants" can a failure to train be considered "a city 'policy or custom' that is actionable under § 1983." *Id*. (quoting Canton, 489 U.S. at 389). To show deliberate indifference, a plaintiff must show that the municipality had "actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation," and a conscious or deliberate choice to disregard the harm. *Id*. (citation omitted).

Plaintiff has not shown that a county employee committed a constitutional violation. In *Brown*, the Tenth Circuit held that "[e]ven if Brown were permitted to amend his complaint to substitute the appropriate defendant, his claim would fail because he has not otherwise sufficiently pleaded that a municipal employee committed a constitutional violation, nor has he pleaded the existence of a municipal policy causally connected to that violation." *Brown v.*

*Sedgwick Cty. Sheriff's Office*, 513 F. App'x 706, 708 (10th Cir. 2013) (unpublished) (citing *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir.2010) (municipalities can be liable for the conduct of an employee if (1) that employee committed a constitutional violation, and (2) there was a direct causal link between a municipal policy or custom and the employee's commission of the constitutional violation)).

Plaintiff's Complaint fails to allege the existence of any custom or policy adopted by a municipal policymaker, or any facts supporting an inference that one exists. This is a requirement for asserting a § 1983 claim against a municipality, and without such allegations, Plaintiff fails to state a claim for relief against the municipality.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **October 23, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated September 23, 2024, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**